IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JUSTIN KAUFMAN, ESQ., as Personal
Representative for the Wrongful Death Estate
of LEONARD P. KUEHL, deceased,

      Plaintiff,

      vs.                                 Civ. No. 20cv1051  MV/JFR

BLAZIN WINGS, INC., a Minnesota
Corporation d/b/a BUFFALO WILD
WINGS, ADAM MORALES, and
RAEMOND MATKIN,

      Defendants.

ORDER OVERRULING DEFENDANT BLAZIN' WINGS' OBJECTIONS
AND ADOPTING MAGISTRATE JUDGE'S
AMENDED PROPOSED FINDINGS AND RECOMMENDATION
<u>REGARDING PLAINTIFF'S MOTION TO REMAND</u>

**THIS MATTER** is before the Court on Plaintiff's Motion to Remand and Memorandum of Points and Authorities in Support ("Motion to Remand"), filed November 3, 2020.  Docs. 7, 8.  Defendant Blazin Wings, Inc., filed a Response in Opposition on November 17, 2020.  Doc. 13.  Plaintiff filed a Reply on December 1, 2020.  Doc. 15.  In conducting its *de novo* review, the Court has considered Plaintiff's Motion to Remand, Defendant's Response, and Plaintiff's Reply, as well as Defendant's Objections to the Amended Proposed Findings and Recommendation Regarding Plaintiff's Motion to Remand ("APFRD"), Doc. 34, and Plaintiff's Response to those objections in light of the relevant legal standards.  Based on this review, the Court finds that Defendant's Objections to the Magistrate Judge's APFRD are unfounded and thus will be overruled.

Relevant Procedural Background

Plaintiff filed his Complaint for Wrongful Death in the First Judicial District Court, Santa Fe County, New Mexico, alleging that Defendants over-served alcohol to Mr. Leonard P. Kuehl, resulting in Mr. Kuehl becoming extremely and dangerously intoxicated.  Doc. 1-2. Plaintiff alleges that Defendants left Mr. Kuehl outside, alone and unattended, where he subsequently fell to the ground and was injured; Plaintiff claims that Mr. Kuehl suffered a severe traumatic brain injury that, approximately three months later, ultimately resulted in his death.  In his complaint, Plaintiff alleges gross negligence, negligence per se, and premises liability against Defendant Blazin' Wings, and gross negligence separately against Defendants Morales and Matkin based on their over-service of alcohol and on their leaving Mr. Kuehl outside and unattended and without taking reasonable measures to ensure Mr. Kuehl's safety.  Defendants removed the case to federal court, prompting Plaintiff's motion to remand.

Initially, in his Proposed Findings and Recommended Disposition ("PFRD"), filed March 22, 2021, United States Magistrate Judge John F. Robbenhaar found that there was no possibility that Plaintiff could assert a cause of action against Morales and Matkin inside or outside of the pleadings under which they could possibly prevail and recommended that Plaintiff's Motion to Remand be denied.  Doc. 28.

On April 5, 2021, Plaintiff timely filed Plaintiff's Objections to Magistrate's Proposed Findings and Recommended Disposition Regarding Plaintiff's Motion to Remand.  Doc. 29. Blazin Wings filed a Response in Opposition, Doc. 30, and Plaintiff filed a Motion for Leave to Submit Reply in Support of Objections to Magistrate's Proposed Findings and Recommended Disposition, Doc. 31, which Blazin Wings opposed.  Doc. 33.

On June 9, 2021, the Magistrate Judge issued his Amended Proposed Findings and Recommendation Regarding Plaintiff's Motion to Remand ("APFRD") and reversed his earlier recommendation. The Magistrate Judge found that Blazin Wings had not met its heavy burden to demonstrate that there is no possibility that Plaintiff could establish a cause of action against Morales and Matkin in state court. The Magistrate Judge found that the definition of "licensee" in the Dram Shop Act is arguably ambiguous and that it is not clear whether Morales and Matkin violated a statutory duty (outside of the Dram Shop Act) or a common law duty by failing to supervise the service of alcohol to Mr. Kuehl by leaving Mr. Kuehl standing outside alone and failing to ensure Mr. Kuehl's safety. APFRD at 12-14. Further, the Magistrate Judge found that New Mexico case law was not clear on whether the duty to not serve alcohol to intoxicated persons extends only to the license holder or separately to the license holder's servers and managers. Given the lack of certainty regarding whether a claim could be brought against Morales and Matkin, the Magistrate Judge concluded that the determination of whether Morales and Matkin owed Mr. Kuehl a duty of care as non-licensees to not serve alcohol to an intoxicated person or whether they owed Plaintiff a duty of care to ensure his safety on their premises given his level of intoxication is best left to the New Mexico state courts. APFRD at 15.

As a result, the Magistrate Judge concluded that Morales and Matkin are properly named Defendants, and that diversity thus is lacking since they are both citizens of New Mexico, as is Plaintiff. Doc. 34. Accordingly, the Magistrate Judge recommended that Plaintiff's motion to remand be granted. *Id.* On June 23, 2021, Blazin Wings filed objections, Doc. 35, to which Plaintiff responded. Doc. 36.

Referral to Magistrate Judge and the District Court's Standard of Review

District courts may refer dispositive motions to a magistrate judge for a recommended disposition pursuant to 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72.  28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1).  "Within 14 days after being served with a copy of the [magistrate judge's] recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1).  When resolving objections to a magistrate judge's proposal, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1).

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Further, "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."  *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *see also United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").

Defendant Blazin' Wings' Objections to the APFRD

Blazin Wings argues in its objections that the Magistrate Judge erred in finding that New Mexico law is unclear as to whether the statutorily-imposed duty to not serve alcohol to intoxicated persons applies to non-licensees such as bar managers, and in finding that the

meaning of "licensee" and its reference to agents and servers is arguably ambiguous. Doc. 35 at 1. Further, Blazin Wings argues that the law on fraudulent joinder is clear and that the Magistrate Judge misunderstood the presumption against diversity jurisdiction. *Id.* at 5. Regarding whether Morales and Matkin owed Plaintiff a duty, Blazin Wings argues that the Magistrate Judge erred by failing to attempt to predict how the state's highest court would interpret the controlling law. *Id.* at 6. Blazin Wings discusses various state court decisions to argue that the common law duty (to not serve alcohol to intoxicated persons) did not extend to employees of the tavernowner, and that when the New Mexico legislature enacted the Dram Shop Act, NMSA §41-11-1, vicarious liability remained with the license holder for the knowing acts of agents or servants of the licensee. *Id.* at 9. Blazin Wings concludes that "the law in New Mexico permits only one construction of the Dram Shop Act, and that construction permits actions against tavernowners only." *Id.* at 16.

## Analysis

The issue before the Court is whether Plaintiff fraudulently joined Morales and Matkin for the purpose of defeating complete diversity of citizenship among the parties. If Morales and Matkin are properly named Defendants, then diversity would be lacking since they are both citizens of New Mexico, as is Plaintiff, and remand would be required. If Morales and Matkin were fraudulently joined, then the case would remain in federal court.

Plaintiff's Complaint alleges against Morales and Matkin a claim of gross negligence resulting in death. Doc. 1-2 at 8-10. Specifically, Count 2 states that, "[a]s licensed alcohol servers and as managers of Buffalo Wild Wings on the night of February 22, 2020, Defendants Morales and Matkin owed a duty of care to Mr. Kuehl, their patron and business invitee." *Id.* at 8. Plaintiff alleges that Morales and Matkin breached that duty of care by (1) serving or allowing

the over-service of alcohol after Mr. Kuehl was severely and obviously intoxicated; (2) failing to supervise the service of alcohol at Buffalo Wild Wings; (3) allowing Mr. Kuehl to be left standing alone and unattended on the concrete walkway where he was highly susceptible to falling due to his extreme intoxication; and (4) failing to take reasonable measures to ensure Mr. Kuehl's safety on the premises given his extreme intoxication. *Id.* at 9. Thus, while much of Plaintiff's Complaint sounds in the Dram Shop Act, Plaintiff's claims against Morales and Matkin assert that Morales and Matkin breached their duty of care to Plaintiff, based in part on the service of alcohol to Mr. Kuehl, but also on their failure to provide for the safety and well-being of a business invitee. As such, Plaintiff's Complaint alleges tort claims that go beyond those typically seen in Dram Shop cases, including a negligence claim based on premises liability.

"To establish fraudulent joinder, the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013). "The defendant seeking removal bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff." *Id.* (internal citation omitted). Courts must examine the pleadings to determine whether there is a reasonable basis to believe that the plaintiff might succeed in at least one claim against the non-diverse defendant. "A 'reasonable basis' means just that: the claim need not be a sure-thing, but it must have a basis in the alleged facts and the applicable law." *Nerad v. AstraZeneca Pharm., Inc.*, 203 F. App'x 911, 913 (10th Cir. 2006). The defendant arguing fraudulent joinder "must demonstrate that there is no possibility that [plaintiff] would be able to establish a cause of action against [the joined party] in state court." *Montano v. Allstate Indem.*, No. 99-2225, 2000 WL

525592, at *2, at *5 (10th Cir. Apr. 14, 2000) (internal citation and quotation marks omitted) (alternation in original). "This standard is more exacting than that for dismissing a claim under Fed. R. Civ. P. 12(b)(6); indeed, the latter entails the kind of merits determination that, absent fraudulent joinder, should be left to the state court where the action was commenced." *Id.*

The Magistrate Judge reviewed the history of the Dram Shop Act and determined that the law subjects those holding a liquor license to liability for injuries sustained as a result of selling or serving alcohol to an intoxicated person in violation of the Liquor Control Act, whether the license holder acts on its own or has others act on its behalf. APFRD at 10. The Magistrate Judge noted that the Dram Shop Act does not preempt all common law claims by third parties or patrons against non-licensees. APFRD at 11. The central dispute among the parties is whether the Dram Shop Act allows claims against the "licensee" and separately against his agents and servers, as argued by Plaintiff, or if the term "licensee" includes agents and servers within the licensee's vicarious liability, as argued by Blazin Wings. Having conducted its *de novo* review, the Court agrees with the Magistrate Judge that the definition of "licensee" is ambiguous, and that the paucity of caselaw analyzing what constitutes a "licensee" adds to that ambiguity.[1] Given the limited case law on the matter, coupled with the high burden placed on a defendant to establish fraudulent joinder, the Magistrate Judge found that whether Morales and Matkin owe Plaintiff a duty of care—either under the Dram Shop Act itself or under a separate theory of

---

[1] Indeed, one district court in the District of New Mexico has noted in dicta that the "express language of the § 41-1-1 limits the imposition of liability on the liquor license holder *or* on the *license holder's agents or servants*", suggesting that the licensee's agents and servers may be *separately* liable for their acts and omissions. *See Farrell v. Fox and Hound Rest. Group*, USDC NM Civ. 08-388 WJ/WDS, 2009 WL 10696431, at *4 (Oct. 26, 2009) (unpublished) (emphasis added). The court in *Farrell* later concluded that "[t]he language of the statute and its regulations do not state, suggest, or otherwise imply that an entity or individual *other than the license holder* can be liable under New Mexico's Dram Shop Statute," a conclusion more in line with Defendant's reading here but one that still does not resolve the textual ambiguity. *Id.* at *5 (emphasis added).

7

statutory or common law liability—is best resolved by the New Mexico state courts. APFRD at 14-15. This Court agrees.

Further, in its objections, Blazin Wings limited its discussion of the fraudulent joinder issue to an analysis of the Dram Shop Act. But Plaintiff's claim that Morales and Matkin breached a duty *after* Mr. Kuehl was served alcohol is not dependent on the Dram Shop Act. As discussed above, Plaintiff alleges that Morales and Matkin breached their duty of care by leaving Mr. Kuehl alone and unattended on a concrete walkway where he was highly susceptible to falling due to his extreme intoxication, and failed to take reasonable measures to ensure Mr. Kuehl's safety on the premises given his extreme intoxication. In objecting to the APFRD, Blazin Wings failed to address this theory of liability. For this reason, Blazin Wings has waived any argument before this Court that there is no possibility that these claims could succeed in state court. *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996) ("[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review."). Indeed, even if Blazin Wings had preserved this argument, the Court would find it unavailing. Assuming *arguendo* that the Dram Shop Act limits liability solely to the actual owner of the alcohol license, Blazin Wings has not provided, and this Court has not found, any authority indicating that it would be impossible for Plaintiff to prevail against Morales and Matkin on his separate premises liability tort claim. Accordingly, at a minimum, Blazin Wings has failed to meet its "heavy burden" to show there is "no possibility" that this alternate claim could succeed. The Court thus determines that Morales and Matkin were not fraudulently joined, and that remand to state court is required.

Conclusion

For the reasons set forth above, Blazin Wings has failed to meet its heavy burden of showing that there is "no possibility" that Plaintiff's claims against Morales and Matkin could prevail, and thus that Morales and Matkin were fraudulently joined. Having rejected Blazin Wings' fraudulent joinder argument, the Court finds that complete diversity of citizenship among all the parties is lacking. For this reason, remand is required, and the Court will overrule Defendant's objections.

**IT IS THEREFORE ORDERED** that Defendant's Objections are **OVERRULED** and the Magistrate Judge's Amended Proposed Findings and Recommendation Regarding Plaintiff's Motion to Remand (Doc. 34) is **ADOPTED**;

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand and Memorandum of Points and Authorities in Support (Docs. 7, 8) is **GRANTED** and the case is remanded to the First Judicial District Court for lack of diversity jurisdiction.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Submit Reply in Support of Objections to Magistrate's Proposed Findings and Recommended Disposition (Doc. 31) is **DENIED AS MOOT.**

_____
Martha Vázquez
**United States District Judge**